DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| JAY DIAZ SANTOS, | CIVIL CASE NO. 14-00019 |
| Plaintiff, | |
| vs. | **ORDER** |
| SUPERIOR COURT OF GUAM and PEOPLE OF GUAM, | |
| Defendants. | |

Before the court are the Motions to Dismiss ("Motions") filed by Defendants Superior Court of Guam and People of Guam. *See* ECF Nos. 5, 7. After reviewing the parties' submissions and relevant caselaw and authority, the court hereby **GRANTS** the Motions and **DISMISSES** the Complaint for the reasons stated herein.[1]

**A. BACKGROUND**

On February 5, 2013, Plaintiff Jay Diaz Santos ("Plaintiff") was indicted in Superior Court of Guam Criminal Case No. CF0047-13 for Possession with Intent to Distribute a Schedule I Controlled Substance, in violation of title 9, sections 67.401(a)(1) and (b)(1) of the Guam Code. On March 5, 2013, Plaintiff filed a motion to suppress, which the Superior Court of

---

[1] Although the parties have informed the court of their availability for a hearing, the court finds that oral argument is not necessary.

Guam denied in a decision and order issued on July 9, 2013. Compl. Exs. 4, 7, ECF No. 1.

On July 17, 2013, Plaintiff filed a motion for reconsideration of the July 9, 2013 decision, arguing that the Superior Court of Guam had completely overlooked his argument that the search warrant was issued without probable cause. Compl. Ex. 8. On November 29, 2013, the Superior Court of Guam denied the motion for reconsideration, finding that the warrant "was properly considered" and that Plaintiff's probable cause argument "was defeated *ab initio*." *Id*. Ex. 9, at 3. Thereafter, Plaintiff filed a petition for permission to appeal the November 29, 2013 decision, which was denied by the Supreme Court of Guam on January 17, 2014. *Id*. Ex. 10. The Supreme Court of Guam also denied Plaintiff's subsequent petition for writ of mandamus on July 16, 2014. *Id*. Ex. 11.

On November 20, 2014, Plaintiff filed the Complaint herein, requesting the court to enter a judgment compelling the Superior Court of Guam to decide before trial whether the search warrant was issued with or without probable cause and awarding all other relief to which Plaintiff may be entitled. Compl. at 9. On December 12, 2014, Defendants Superior Court of Guam and People of Guam filed their respective Motions to Dismiss, arguing the District Court of Guam's lack of jurisdiction and Plaintiff's failure to state a claim for relief. *See* ECF Nos. 5, 7.

## B. DISCUSSION

### 1. Applicable Legal Standard

Federal Rule of Civil Procedure 12(b) provides that, in response to a claim for relief, a party may assert a defense of lack of subject-matter jurisdiction by way of motion. Fed. R. Civ. P. 12(b)(1). Where, as here, there is a "facial" challenge accepting the truth of the plaintiff's allegations but asserting that they are insufficient on their face to invoke federal jurisdiction, the court applies the legal standard governing motions to dismiss under Rule 12(b)(6). *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir.

- 2 -

2013)). Accordingly, "[a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.*

### 2. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine derives from two U.S. Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Ninth Circuit has described the routine application of the doctrine as follows:

> A party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court. A party disappointed by a decision of the highest state court in which a decision may be had may seek reversal of that decision by appealing to the United States Supreme Court. *In neither case may the disappointed party appeal to a federal district court, even if a federal question is present* or if there is diversity of citizenship between the parties.

*Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003) (emphasis added). The doctrine not only applies to a direct appeal, but also to its "de facto equivalent," i.e., "when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Id.* at 1163; *see also Cooper v. Ramos*, 704 F.3d 772, 777-78 (9th Cir. 2012). The Ninth Circuit has further held that the *Rooker-Feldman* doctrine applies to interlocutory state court decisions. *Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

Here, Plaintiff complains that the Superior Court of Guam failed to consider one of the three arguments proffered in his motion to suppress and refused to decide said issue in denying the motion for reconsideration. Compl. ¶¶ 26, 28. After the Supreme Court of Guam refused to provide Plaintiff the relief he sought, Plaintiff now asks this court to compel the Superior Court of Guam to decide the issue before trial. *Id.* at 9. This case falls squarely within the ambit of

- 3 -

1  *Rooker-Feldman* as Plaintiff complains of a legal wrong allegedly committed by the Superior

2  Court of Guam and seeks relief from its denials of Plaintiff's motion to suppress and motion for

3  reconsideration. Accordingly, this court is precluded from exercising jurisdiction over this case

4  pursuant to the *Rooker-Feldman* doctrine.

5  **C. CONCLUSION**

6        Based on the foregoing, as Plaintiff is essentially seeking appellate review of the Superior

7  Court of Guam's decision, the Motions to Dismiss are **GRANTED** and the court **DISMISSES**

8  the Complaint for lack of jurisdiction.

9        **SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Feb 09, 2015**

- 4 -